IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIA KOLIOPOULOS, by her next friends, parents, and guardians, ANASTASIA KOLIOPOULOS, in their personal capacities, and NIKOLAOS KOLIOPOULOS, in their personal capacities,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>COVENTRY HEALTH CARE OF NEBRASKA, Inc.,<br><br>　　　　　　Defendant. | CASE NO. 8:06CV593<br><br>MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

　　This matter is before the Court on the Motion to Dismiss (Filing No. 9) submitted by the Defendant Coventry Health Care of Nebraska, Inc. ("Coventry"), and the Motion for Summary Judgment (Filing No. 16) submitted by the Plaintiffs, Maria, Anastasia and Nikolaos Koliopoulos.  The parties have submitted briefs and evidentiary materials in support of their respective positions on both motions.  For the reasons discussed below, the Plaintiffs' Motion for Summary Judgment will be denied, and Coventry's Motion to Dismiss will be granted in part and denied in part.

## FACTS

　　As Coventry correctly notes, the Plaintiffs' brief in support of their Motion for Summary Judgment does not contain any statement of facts in compliance with the local rules of this Court.  (*See* NECivR 56.1(a)(1) and (2)).  Instead, the Plaintiffs simply present a one-paragraph summary of the allegations in the Complaint, with no supporting references to the evidentiary record.  That alone is sufficient basis for denial of the Plaintiffs' Motion for Summary Judgment.

For purposes of the Court's consideration of Coventry's Motion to Dismiss, the following allegations in the Complaint (Filing No. 1) are assumed to be true:

Nikolaos Koliopoulos is a pharmacist who works for Walgreens Company in Omaha, Nebraska. As an employee of Walgreens, he participates in an employee benefit plan underwritten by Coventry (the "Plan"), and governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* Nikolaos, his wife, Anastasia, and their minor daughter, Maria, all reside in Omaha and are beneficiaries of health insurance under the "Plan."

On or about September 18, 2003, when Maria was three years old, she was diagnosed as suffering from bilateral juvenile cataracts and uveitis, an inflammation of the eye. During the following days, she was seen by a number of Omaha physicians who confirmed her conditions. On or about September 24, 2003, in St. Louis, Missouri, Maria was evaluated by Dr. Gregg Lueder. He concluded that she required surgery due to a medically significant risk of blindness. On September 29, 2003, Dr. Leuder performed surgery on Maria's eyes at St. Louis Children's Hospital.

Coventry paid Maria's hospital costs in connection with the surgery, but did not pay her surgical and associated costs, because Dr. Leuder was not a Preferred Provider under the Plan. The Plaintiffs appealed the denial of coverage through the appeal procedures offered by Coventry. Coventry denied the Plaintiffs' appeals, and the Plaintiffs filed this action, alleging that (1) Coventry breached the Plan by denying coverage and benefits for Maria's surgery, and (2) Coventry breached its fiduciary duty to the Plaintiffs and other

similarly situated Plan participants by denying benefits for medically necessary and physician-recommended treatments.[1]

## STANDARDS OF REVIEW

When considering Coventry's Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), this Court assumes as true all factual allegations in the Complaint. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (citing *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 914 (8th Cir. 2001)). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

When considering the Plaintiffs' Motion for Summary Judgment under Fed. R. Civ. P. 56, this Court views the evidence in the light most favorable to the nonmoving party, to determine whether no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Cordry v. Vanderbilt Mortg. & Fin., Inc.*, 445 F.3d 1106, 1109 (8th Cir. 2006) (quoting *Bockelman v. MCI Worldcom, Inc.*, 403 F.3d 528, 531 (8th Cir. 2005)). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). In response, the opponent's burden is to "come

---

[1] The Plaintiffs' third cause of action is simply a request for attorneys fees and costs, and is not a separate cause of action.

forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).

## DISCUSSION

As noted above, the Plaintiffs' brief in support of their Motion for Summary Judgment fails to comply with this Court's local rules and fails to demonstrate that the Plaintiffs are entitled to judgment in their favor as a matter of law. Accordingly, the Motion for Summary Judgment will be denied. Any genuine issues of material fact remaining for trial must be tried to the Court, and the Plaintiffs' demand for a trial by jury is stricken. *See Langlie v. Onan Corp.*, 192 F.3d 1137, 1141 (8th Cir. 1999).

In its Motion to Dismiss, Coventry argues that (1) the Plaintiffs' first cause of action, seeking coverage and benefits for Maria's surgery, and other damages, should be dismissed, because Coventry did not abuse its discretion in denying such benefits, and (2) the Plaintiffs' second cause of action, seeking injunctive relief based on alleged breach of fiduciary duty, should be dismissed because (i) Coventry did not breach any fiduciary duty, (ii) any such cause of action must be brought on behalf of the Plan and not individuals, and (iii) the Plaintiffs are not entitled to equitable relief when ERISA provides an adequate remedy elsewhere.

The Plaintiffs oppose the dismissal of their first cause of action, noting, among other things, that the Court is not in a position to determine whether Coventry abused its discretion by denying coverage because the evidence considered by the Plan administrators in reaching their decision is not properly before the Court. I agree.

Coventry submitted an index of evidence (Filing No. 12) with a number of attachments that may be relevant to the Court's analysis, but there is no indication that the index includes all the information considered by the Plan administrators when deciding to deny the Plaintiffs' claim. The Plaintiffs submitted an index of evidence (Filing No. 16-3 through 16-8), including records described as the "appeal file," (Filing No. 16-5). Coventry acknowledges in its reply brief (Filing No. 19-1, p. 4) that Filing No. 16-5 is "the administrative appeal file" and "includes a record of Plaintiffs' second level appeal of Maria's claim." Coventry also attached to its reply brief several documents that appear to be duplicate, and more legible, copies of documents from the "appeal file."

Although this Court may well have before it all the information needed to resolve the issues in this case,[2] the evidentiary record has not been submitted in a manner that permits me to rely on it with any degree of confidence. *See* Fed. R. Civ. P. 56(e). While I recognize that Coventry is proceeding under Rule 12(b)(6), and has attempted to submit only documents "necessarily embraced by the complaint," so as not to convert its motion into one for summary judgment, Coventry is also attempting to rely on the Plaintiffs' index of evidence to support its own motion to dismiss. That index of evidence is not properly authenticated, at least for the purposes for which Coventry attempts to use it. In other

---

[2] The letter from Mr. and Mrs. Koliopoulos dated October 3, 2003, contained in the "appeal file," states that they simply were not "confident enough" to have Maria's surgery performed by Preferred Providers in the Plan network, and instead "sought out" what they considered to be the "best possible treatment," choosing the St. Louis Children's Hospital Eye Center "based on its credentials, as well as its convenience and ease for all involved." Mr. and Mrs. Koliopoulos explained that they "wanted the most experienced specialists to perform this uncommon procedure." These statements contradict the arguments presented in the Plaintiffs' briefs to the effect that Maria's surgery was an "emergency" that should be covered under the Plan's "Emergency Out of Area" coverage.

words, *if* the "appeal file" appearing at Filing 16-5 is in fact the complete and accurate record of all the evidence that the Plan administrators relied upon when denying the Plaintiff's claim, a further affidavit is required from someone who can attest to that fact based on personal knowledge. Accordingly, Coventry's motion as it relates to the Plaintiffs' first cause of action for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B) will be denied.

With respect to the Plaintiffs' second cause of action, they argue that Coventry is ignoring the Plan language allowing coverage for emergency medical treatment "that a reasonably prudent layperson, who possesses an average knowledge of health and medicine, could reasonably expect" to be necessary to prevent serious harm. (Plaintiffs' Brief, Filing No. 16-2, p. 9). The Plaintiffs seek injunctive relief on their own behalf and on behalf of other Plan participants, precluding Coventry from "using inappropriate criteria and standards," and "providing false and unreasonable explanations for said denials." (Complaint, ¶ 44).

First, the injunctive relief sought by the Plaintiffs is so vague as to be unenforceable. Second, the Plaintiffs do not indicate whether they are attempting to proceed under 29 U.S.C. § 1132(a)(2) or § 1132(a)(3). I conclude that they have failed to state a cause of action under either subsection. Subsection 1132(a)(2) allows an action to be brought for breach of fiduciary duty under 29 U.S.C. § 1109, which imposes liability on fiduciaries who breach responsibilities, obligations, or duties specifically imposed by *ERISA*. As the Supreme Court has noted, those statutory duties relate to the proper management, administration, and investment of fund assets; the maintenance of proper records; the disclosure of specified information; and the avoidance of conflicts of interest. *See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142–43 (1985) (citing 29 U.S.C. §§ 1104–14).

6

The Plaintiffs have not stated any such cause of action. If the Plaintiffs are attempting to proceed under § 1132(a)(3), their cause of action also fails, because relief is available to them under § 1132(a)(1)(B). As the Supreme Court has said, the subsections of 29 U.S.C. § 1132:

> . . . focus on specific areas, *i.e.*, the first (wrongful denial of benefits and information), the second (fiduciary obligations *related to the plan's financial integrity*), the fourth (tax registration), and the sixth (civil penalties). The language of the other two subsections, the third and the fifth, create two "catchalls," providing "appropriate equitable relief" for "any" statutory violation. This structure suggests that these "catchall" provisions act as a safety net, offering appropriate equitable relief for injuries caused by violations that [§ 1132] *does not elsewhere adequately address*.

*Variety Corp. v. Howe*, 516 U.S. 489, 512 (1996) (emphasis added).

> Thus we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be "appropriate."

*Id.* at 515.

The Plaintiffs' claim, if valid, is adequately addressed through 29 U.S.C. § 1132(a)(1)(B). *See Wald v. Southwestern Bell Corp. Customcare Medical Plan*, 83 F.3d 1002, 1006 (8th Cir. 1996) (finding that the plaintiff was provided adequate relief by her right to bring a claim for benefits under 29 U.S.C. § 1132(a)(1)(B), and equitable relief, therefore, was not appropriate).

## CONCLUSION

The Plaintiffs' second cause of action will be dismissed, and Coventry will be required to answer the Plaintiffs' first and third causes of action.

For the reasons stated above,

7

IT IS ORDERED:

1. The Plaintiffs' Motion for Summary Judgment (Filing No. 16) is denied;

2. The Defendant Coventry Health Care of Nebraska, Inc.'s Motion to Dismiss (Filing No. 9) is granted in part and denied in part, as follows:

   a. The Plaintiffs' second cause of action is dismissed;

   b. The Plaintiffs' demand for jury trial is stricken;

   c. The Motion to Dismiss is otherwise denied; and

3. The Defendant shall file an Answer to the Plaintiffs' Complaint addressing the remaining causes of action on or before April 10, 2007.

DATED this 30th day of March, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

8